IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTOPHER MOORE,**
**Claimant Below, Petitioner**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-45**          (JCN: 2022018790)

**RAMACO RESOURCES, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Christopher Moore appeals the January 4, 2024, order of the Workers Compensation Board of Review ("Board"). Respondent Ramaco Resources, LLC ("Ramaco") timely filed a response.[1] Mr. Moore did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's December 7, 2022, order, which granted Mr. Moore a 10% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Mr. Moore was employed by Ramaco as a roof bolter. On March 9, 2022, while at work, Mr. Moore was in the back seat of a mining car when it broke loose and struck another car behind it. Mr. Moore was seen at Tazewell Hospital Emergency Department on the same date. He presented with headache, neck and back pain, right hip pain, as well as chest wall and left elbow pain. The diagnoses were lumbar sprain and multiple contusions.

Mr. Moore completed an Employees' and Physicians' Report of Occupational Injury or Disease on March 10, 2022. Tazewell Hospital Department personnel completed the physicians' portion of the form on the same date. Mr. Moore's diagnosis was listed as

---

[1] Mr. Moore is represented by Gregory S. Prudich, Esq. Ramaco is represented by Maureen Kowalski, Esq.

lumbar sprain and multiple contusions. The claim administrator issued an order dated March 23, 2022, which held the claim compensable for the conditions of back, neck, chest, and head injuries.

Mr. Moore was seen at Tazewell Hospital Emergency Department on August 14, 2022. Mr. Moore complained of headache, left knee pain, right hip pain, mid back, and lower back pain. Mr. Moore was diagnosed with left knee pain; unspecified chronicity; arthralgia; unspecified joint; myalgia; spasm of muscle; and acute bilateral low back pain with bilateral sciatica.

On September 7, 2022, Mr. Moore was seen by Thomas Knisely, D.O. Dr. Knisely noted that Mr. Moore was involved in a mining accident on March 10, 2022. Further, Dr. Knisely noted that Mr. Moore returned to work on March 22, 2022, despite continued pain in his left knee, right buttock, back, and daily headaches. Dr. Knisely opined that these symptoms continued to be exacerbated by his work in the mines during the spring and summer months. Dr. Knisely determined that recent x-rays showed some changes in his right hip and left knee, which would require further evaluation with advanced imaging studies and specialist evaluations. Thus, Dr. Knisely recommended a referral to an occupational medicine physician for further evaluation.

The claim administrator issued an additional order dated September 19, 2022, which acknowledged receipt of a request to update additional compensable conditions but stated that the claim was accepted only for low back sprain, neck sprain, chest contusion, and head injuries.

On November 15, 2022, Mr. Moore underwent an independent medical examination ("IME") performed by Syam Stoll, M.D. Dr. Stoll's diagnosis was unspecified intracranial injury without loss of consciousness, sprain of ligaments of cervical spine, contusion of unspecified wall of thorax, and sprain of ligaments of lumbar spine. Dr. Stoll opined that Mr. Moore had reached maximum medical improvement ("MMI") for the compensable conditions. Dr. Stoll noted that a review of the lumbar CT scan dated March 10, 2022, revealed preexisting mild cervical spondylosis at C6-C7. Dr. Stoll opined that the CT scan did not reveal any acute cervical spine fractures, acute disc herniation, neural foraminal or central spine canal stenosis. Dr. Stoll noted that pursuant to West Virginia Code of State Rules § 85-20-37.5 the estimated duration of treatment for low back sprain/strain is zero to four weeks, and not to exceed eight weeks.

Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Stoll found a whole person impairment ("WPI") of 0% for the lumbar spine under Table 75, Category IIA. He noted that range of motion measurements yield a 5% WPI. Referring to Rule 20, Dr. Stoll noted that Mr. Moore fell under lumbar category II Table 85-20-C, which allows a range of 5-8% WPI, and that

accordingly, the 5% WPI did not require an adjustment. Accordingly, Dr. Stoll apportioned 5% WPI to the March 9, 2022, injury.

For the cervical spine, Dr. Stoll found a 4% WPI under Table 75, Category IIB. He found 10% WPI for reduced range of motion in the cervical spine, and the combined value was 14% WPI for the cervical spine. Dr. Stoll noted that Mr. Moore falls under cervical category II of Rule 20 which allows for a range of 5-8% WPI and adjusted the 14% WPI to 8% WPI. Dr. Stoll stated that the range of motion impairment was contributed to by preexisting cervical spondylosis. He apportioned 5% WPI for the cervical strain injury and 3% WPI to the preexisting spondylosis. Dr. Stoll combined the 5% WPI for the cervical spine with the 5% WPI for the lumbar spine for a total of 10% WPI. On December 7, 2022, the claim administrator issued an order which granted Mr. Moore a 10% PPD award based on Dr. Stoll's findings. Mr. Moore protested this order.

On January 20, 2023, Mr. Moore underwent an additional IME performed by Bruce Guberman, M.D. Dr. Guberman's diagnosis was chronic posttraumatic strain of the cervical spine, chronic posttraumatic strain of the lumbosacral spine, multiple other contusions and abrasions, chronic posttraumatic strain, and contusion of the right hip with residual range of motion abnormalities, all of which he attributed to the injury which occurred at work on March 9, 2022. Dr. Guberman noted that Mr. Moore stopped working on the date of the injury and returned to work nine days later without restrictions. Dr. Guberman stated that Mr. Moore would benefit from further evaluation and possible treatment of these injuries, including an MRI of his left knee and a course of physical therapy. However, Dr. Guberman opined that if such testing and treatment were not performed, then he would deem Mr. Moore to be at MMI.

Using the *Guides* and Rule 20, Dr. Guberman found 5% WPI for the lumbar spine under Table 75, Category IIB of the *Guides*, and the lumbar range of motion measurements yielded 8% WPI, which he combined for a total of 13% WPI for the lumbar spine. Dr. Guberman noted that Mr. Moore falls under lumbar category II of Table 85-20-C, which allows a range of 5-8% WPI. Accordingly, Dr. Guberman adjusted the 13% WPI to 8% WPI for the lumbar spine.

For the cervical spine, Dr. Guberman assigned 4% WPI under Table 75, Category IIB. He found 4% WPI for reduced range of motion in the cervical spine. Dr. Guberman noted that Mr. Moore falls under cervical category II from Table 85-20-E. The combined value was 8% WPI for the cervical spine. Dr. Guberman found 0% impairment for the head injury and cerebral concussion. Dr. Guberman also recommended 2% WPI for the right hip for reduced range of motion. He combined the 8% WPI for the cervical spine, the 8% WPI for the lumbar spine, and the 2% WPI for the right hip for a total of 17% WPI.

On January 4, 2024, the Board affirmed the claim administrator's order granting Mr. Moore a 10% PPD award. The Board concluded that Dr. Stoll's 10% impairment rating

was reliable and consistent with the medical evidence. Further, the Board found that Dr. Guberman's report included impairment for a noncompensable condition, the right hip, in his 17% PPD recommendation, and that his report was thus unreliable. Mr. Moore now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

On appeal, Mr. Moore argues that the Board was clearly wrong in finding that Dr. Guberman's report was unreliable because he rated a noncompensable condition, the right hip injury. Further, Mr. Moore argues that the apportionment by Dr. Stoll was erroneous, as there was no evidence of preexisting impairment aside from the CT scan. Finally, Mr. Moore argues that he is entitled to a 15% PPD award. Upon review, we agree that the apportionment by Dr. Stoll was erroneous.

Upon review, we find clear error in the Board's order. The Board affirmed the claim administrator's order, which was based on an erroneous IME report. Dr. Stoll's report contains an apportionment for a preexisting condition, cervical spondylosis, presumably based solely on a CT scan, without any additional evidence of a preexisting impairment. *See Minor v. W. Va. Div. of Motor Vehicles*, No 17-0077, 2017 WL 6503113, at *2 (W. Va. Dec. 19, 2017) (memorandum decision) (reversing Board of Review decision apportioning for a preexisting condition). Further, Dr. Stoll's report did not contain any reasoning or rationale supporting his decision to apportion. See *Duff*, 2024 WL 1715166, syl. pt 6. Dr. Guberman's report contains an apportionment for a non-compensable

condition, the right hip. *Duff*, 2024 WL 1715166, at *9; *Defibaugh v. Appalachian Electronic Instruments Inc.*, No. 20-0136, 2021 WL 1054497, at *2 (W. Va. Mar. 19, 2021) (memorandum decision) (finding doctors' reports unreliable where they relied upon the evaluation of noncompensable conditions). Due to the errors in the reports of Drs. Stoll and Guberman, there is no valid report to support a PPD award in this case. The Supreme Court of Appeals of West Virginia has held that permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation, thus the Board is not permitted to delete Dr. Guberman's impairment rating for the hip and recalculate his impairment rating. *See Repass v. Workers' Comp. Div.*, 212 W. Va. 86, 95, 569 S.E.2d 162, 171 (2002). Thus, without a valid IME that properly considers the degree of impairment, the Board should have remanded the claim to the claim administrator for a new IME.

For the foregoing reasons, we vacate the Board's January 4, 2024, order, and remand with directions that the claim be remanded to the claim administrator for a new IME to be performed.

Vacated and Remanded with Directions.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5